NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAJUN ZHANG, AKA Xiu Yu Rong,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    15-72304<br><br>Agency No. A095-024-130<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Yajun Zhang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistent testimony regarding when he discussed applying for asylum with his friends and implausible testimony regarding his wife's forced sterilization. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *Lalayan v. Garland*, 4 F.4th 822, 838 (9th Cir. 2021) ("The Agency's implausibility findings are supported by evidence in the record and are based on reasonable assumptions, even if other alternative explanations exist."). Zhang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of this disposition, we do not reach Zhang's remaining contentions regarding corroboration or the timeliness of his asylum application. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of Zhang's CAT

2                                                                    15-72304

claim because it was based on the same evidence found not credible, and he does not point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**